People v Perez (2018 NY Slip Op 01416)





People v Perez


2018 NY Slip Op 01416


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5885 5463/13

[*1]The People of the State of New York, Respondent,
v
Alejandro Perez, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Sheilah Fernandez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered August 14, 2014, convicting defendant, after a nonjury trial, of petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him to concurrent terms of one year, unanimously modified, on the law, to the extent of vacating the larceny conviction and dismissing the corresponding count, and otherwise affirmed.
The indictment, as amplified by the bill of particulars, charged defendant in the first count with robbery in the second degree, for forcibly stealing one victim's cell phone, and in the second count with criminal possession of stolen property in the fifth degree, for possession of a bicycle, stolen from another victim, on which defendant attempted to flee the scene. In summation, the prosecutor repeatedly argued — in apparent response to defense counsel's argument that the evidence showed that defendant abandoned the phone before striking one of his pursuers, and therefore that a robbery could not be established — that even if the court did not find that defendant used force to retain the phone, it could still find that he used force to retain the bicycle. Defense counsel objected to these arguments and the court overruled them.
We find that these arguments rendered the first count duplicitous by newly alleging that defendant was guilty under the first count if he forcibly stole either the phone or the bicycle (see CPL 200.30[1]). The lesser included offense of petit larceny, of which defendant was ultimately convicted, suffered from the same infirmity.
In rendering its verdict, the court made no specific findings of fact, and the record, including the colloquies relating to the prosecutor's summation, does not establish that the larceny conviction was based on the phone rather than the bicycle. However, we find that the second count was not rendered duplicitous by the trial proceedings. The prosecutor never suggested that proof regarding the phone was relevant to the possession of stolen property count, and nothing in the record suggests that the court adopted such a view.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK